Voto disidente emitido por el
Juez Asociado Señor Rebollo López.
Aun cuando en estos momentos no estamos pasando jui-cio sobre la corrección jurídica de los planteamientos pre-sentados por los Senadores peticionarios, concederíamos la solicitud de Certificación presentada por éstos.
Existiendo la posibilidad de que los planteamientos sean correctos, en un justo balance de los intereses involu-crados, entendemos que debe prevalecer la solución rápida por parte de este Tribunal de la controversia planteada, de una u otra forma, en lugar de permitir que los procedi-mientos sigan su curso ordinario a nivel del Tribunal de Primera Instancia y la posterior revisión de la decisión que se emita a ese nivel, tanto por el Tribunal de Apelaciones como por este Tribunal. Dicha situación significaría que la solución final del caso se daría, u ocurriría, en o alrededor de la fecha de la celebración de las primarias en el 2008, situación que no sólo es insostenible sino injusta.
En relación a ello, debemos señalar que aquí ya no está *36 en controversia el alegado perjuicio que podrían haber su-frido los peticionarios respecto a la presentación o no de la totalidad de los endosos que la Ley Electoral requiere a los candidatos a puestos políticos. Ya el tribunal de instancia resolvió ese asunto al disponer que la Comisión Estatal de Elecciones está obligada a poner a disposición de los peti-cionarios los correspondientes formularios de endoso “para poder concurrir a las primarias y según en la proporción que dispone en la Ley Electoral para cada cargo al que aspiran”(1)
El perjuicio que sí pueden sufrir los peticionarios —de este Tribunal no actuar con premura— es la falta de tiempo suficiente para hacer campaña, contrario a los que ya tienen asegurada su participación en las primarias. Ello puede resultar en un perjuicio insubsanable en vista de que no se justifica que los peticionarios hagan campaña activa en apoyo de sus respectivas candidaturas mientras desconozcan si tendrán derecho o no a participar en las primarias a celebrarse en Puerto Rico en marzo de 2008.
El argumento del Partido Nuevo Progresista de que el caso debe ser devuelto al tribunal de instancia —para que éste reciba prueba sobre el alegado incumplimiento de los senadores peticionarios con los requisitos legales y regla-mentarios aplicables, ya que la descalificación de éstos ale-gadamente respondió no sólo a los eventos que dieron lu-gar al proceso disciplinario que antes revisamos sino que, además, a imputaciones adicionales cuyos pormenores no conocemos a cabalidad — (2) resulta ser insostenible.
Un examen de estas “imputaciones” demuestra que to-das se refieren a ocasiones en que los senadores peticiona-rios no siguieron la “línea del Partido”, esto es, ocasiones en *37 que ellos actuaron o votaron conforme a su consciencia y criterio en lugar de seguir, ciegamente, las instrucciones de los jerarcas del partido. No pasamos juicio, en este mo-mento, sobre si dichas actuaciones —en relación con las cuales podemos tomar, incluso, hasta conocimiento judicial— son suficientes o no para que un partido político pueda legalmente descalificar a un candidato de participar en un proceso primarista. Ese punto está por estudiarse y resolverse.
Lo que sí sabemos es que dicho planteamiento puede ser resuelto a nivel de este Tribunal en lugar de devolverse el caso al tribunal de instancia; acción que, repetimos, tendrá la funesta consecuencia de negarle a los senadores peticio-narios —por el mero pasar del tiempo— toda posibilidad de competir en el proceso primarista con alguna probabilidad de éxito. Resulta pertinente enfatizar que mientras este Tribunal no resuelva las controversias planteadas, existe la posibilidad de que surjan nuevas imputaciones sobre la alegada deslealtad en contra de los senadores peticionarios. Ello convertiría en interminable el asunto en cuestión, a nivel de instancia, y provocaría un perjuicio arm mayor al reseñado.
El curso decisorio que hoy mayoritariamente toma el Tribunal parece proteger los derechos de los senadores pe-ticionarios cuando la realidad es que éste no pasa de ser una farsa (“charade”) o, lo que es lo mismo, un ejercicio en futilidad.
Es por ello que disentimos.

 Véase la “Réplica a Solicitud de Orden en Auxilio de Jurisdicción”, pág. 2, presentada por el recurrido Partido Nuevo Progresista, el Secretario General y su Comisionado Electoral.

 El Partido Nuevo Progresista señala que los peticionarios incurrieron en numerosas faltas de lealtad al Partido luego de haber sido expulsados por el Direc-torio de éste.